IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE CLANT M SEAY, JR.                                  NO. 18-14563-JDW
                                                         CHAPTER 7


MOTION TO EXTEND TIME
FOR FILING COMPLAINT TO DETERMINE DISCHARGEABILITY


COME NOW Bucky Rowland, in his official capacity as Sheriff of Maury County, Tennessee, David Sisk, Callaway Dial and Jerry W. Harris (collectively, the "Movants"), parties in interest in this case, and, by and through their undersigned counsel and pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure and related rules, move the Court to extend the time for filing a complaint under 11 U.S.C. § 523, and in support show as follows:

(1)    The Debtor, Clant M. Seay, Jr. ("Seay"), commenced this Chapter 7 case on November 16, 2018. The last day to file complaints to determine dischargeability is currently March 12, 2019.

(2)    Seay is the plaintiff and the Movants are the defendants in a certain civil action styled <u>Clant M. Seay v. Bucky Rowland, in his official capacity as Sheriff of Maury</u>

County, Tennessee, David Sisk, Callaway Dial and Jerry W. Harris, case number 1:16-cv-68 on the docket of the United States District Court for the Middle District of Tennessee (the "Lawsuit"), which Seay commenced on August 23, 2016. The Lawsuit is premised on purported claims of Seay against the Movants for alleged violations of 42 U.S.C. § 1983.

(3)    The Lawsuit was decided adversely to Seay on October 19, 2018 when each of the Movants was granted summary judgment on all of Seay's claims. In connection with their motions for summary judgment, Movants David Sisk and Callaway Dial asked the district court to award them attorney's fees against Seay. In granting summary judgment in favor of the Movants, the district court denied Sisk's request for attorney's fees but granted Dial's request with the amount to be determined on further proceedings. Dial then filed a motion asking $60,022.50 as the amount of his award against Seay.

(4)    On November 16, 2018, four events occurred. First, Movant Jerry W. Harris filed a motion in the Lawsuit seeking an award of his attorney's fees against Seay. Second, Seay filed a notice of appeal to the Sixth Circuit (case number 18-6214 in the United States Court of Appeals for the Sixth

2

Circuit, the "Appeal"). Third, costs in the Lawsuit in the total amount of $17,089.00 were taxed against Seay in favor of Sisk, Dial and Harris. Fourth, Seay filed this no-asset Chapter 7 bankruptcy.

(5) In view of the Appeal, the district court denied Dial's motion to determine the amount of attorney's fees and Harris' motion to award attorney's fees, but without prejudice to refile those motions after resolution of the Appeal.

(6) Seay notified the Sixth Circuit of the filing of this bankruptcy, and the Sixth Circuit entered an order holding the Appeal in abeyance pending further motion of the parties or order of the court.

(7) The attorney's fees awarded to Dial, and those sought by Sisk and Harris, are based upon 42 U.S.C. § 1988 which authorizes the award of attorney's fees to a prevailing defendant where the plaintiff's lawsuit was vexatious, frivolous, or brought to harass or embarrass the defendant. Fees awarded for such reasons may be nondischargeable under 11 U.S.C. § 523.

(8) Each of the Movants has a pre-petition claim against Seay for attorney's fees under 42 U.S.C. § 1988. Dial's

entitlement to pre-petition fees under that statute has been awarded, but with the amount to be determined after resolution of the Appeal. Harris' entitlement to pre-petition fees has been postponed by the district court until after resolution of the Appeal. Movant Bucky Rowland had not yet filed his motion for attorney's fees under 42 U.S.C. § 1988 when Seay took the Appeal and filed this bankruptcy.[1] Similarly, the automatic stay in this case has prevented Sisk from asserting a cross-appeal from the district court's denial of his motion for attorney's fees under 42 U.S.C. § 1988.[2]

(9) By commencing this no-asset Chapter 7 bankruptcy on the same day that he appealed the adverse outcome of the Lawsuit, Seay has attempted to place himself in the position of receiving a discharge of his pre-petition obligations to the Movants for fees and costs while leaving him free to continue pursuit of the Appeal after this bankruptcy is closed. The

---

[1] Under Local Rule 54.01(b)(1) of the Local Rules of the United States District Court for the Middle District of Tennessee, motions for attorney's fees and related nontaxable expenses must be filed within thirty days from entry of final judgment. Here, thirty days after entry of final judgment would have been November 19, 2018, three days after this bankruptcy was filed.

[2] Sisk and Dial also sought attorney's fees under 28 U.S.C. § 1927, authorizing an award of fees against a party who unreasonably and vexatiously multiplies proceedings. Awards under that statute can likewise be nondischargeable under 11 U.S.C. 523.

4

Movants are entitled to this Court's determination of the dischargeability of Seay's pre-petition obligations for attorney fees and costs, yet the pendency of the stayed Appeal leaves adjudication of those obligations incomplete. The primary statute which authorizes fees in cases such as the Lawsuit is 42 U.S.C. § 1988, which vests the authority to determine entitlement of such fees in the district court which tried the Lawsuit. The role of this Court would be to determine, once the Sixth Circuit has disposed of the Appeal and the district court has resolved all issues relating to the Movants' entitlement to fees and costs after remand, whether such fees should be excepted from discharge.[3]

(10) It is therefore appropriate that this Court extend the time for the Movants to file their respective complaints for determination of the dischargeability of their pre-petition claims for attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C § 1927 and for costs taxed until at least 30 days after the district court's final ruling on the Movants' motions

---

[3] Local Rule 54.01(b)(2) of the Local Rules of the United States District Court for the Middle District of Tennessee permits motions for attorney's fees within thirty days after issuance of the mandate by the Sixth Circuit. Thus, the Movants may have additional claims against Seay for post-petition attorney's fees incurred in the Appeal, but those obligations would not be affected by a discharge in this case.

5

for such fees and costs following disposition of the Appeal[4] and, if necessary, to reopen this case for such determination notwithstanding any discharge previously granted (in which event the time should be extended to 30 days after entry of this Court's order reopening this case).

(11)   Alternatively, if this Court determines that it has jurisdiction over the question of the Movants' entitlement to such fees and costs (and over the question of the amounts thereof) notwithstanding the pendency of the Appeal, then it is appropriate that this Court extend the time for the Movants to file their respective complaints for determination of the dischargeability of their pre-petition claims for attorney's fees until at least 30 days after this Court's final ruling on such questions.

(12)   Good cause exists for the relief requested.

WHEREFORE, Bucky Rowland, in his official capacity as Sheriff of Maury County, Tennessee, David Sisk, Callaway Dial and Jerry W. Harris request this Court to grant the relief described in Paragraph (10) above or, alternatively, in

---

[4] By separate motion filed contemporaneously with this motion, the Movants are seeking relief from the automatic stay to permit the Appeal to go forward and, upon conclusion of the Appeal, to permit the district court to make final rulings on the Movants' entitlement to fees and costs.

Paragraph (11) above, and to grant such other relief as may be appropriate.

                              Respectfully submitted,

                              BUCKY ROWLAND, in his official capacity as Sheriff of Maury County, Tennessee
DAVID SISK

CALLAWAY DIAL and

JERRY W. HARRIS

By and through their attorney:

/s/ Les Alvis
LES ALVIS
Bar Number 1548
lalvis@rccalaw.com

OF COUNSEL:

RILEY, CALDWELL, CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing MOTION TO EXTEND TIME FOR FILING COMPLAINT TO DETERMINE DISCHARGEABILITY with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert Gambrell
rg@ms-bankruptcy.com

Stephen Smith
trustee1@smithcpafirm.com

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

I hereby further certify that on the date set forth below I mailed a copy of the foregoing MOTION TO EXTEND TIME FOR FILING COMPLAINT TO DETERMINE DISCHARGEABILITY by first class mail, postage prepaid, to:

Clant M. Seay, Jr.
1501 Jackson Ave. West
Ste. 113-115
Oxford, MS 38655

DATED:    March 8, 2019

/s/ Les Alvis
LES ALVIS
Bar Number 1548
lalvis@rccalaw.com